**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**PABLO CABASSA,
CLEONICE SANTOS,**

                    **Plaintiffs,**

**-vs-**                                                    **Case No. 6:09-cv-635-Orl-31DAB**

**EXCEL ONE, INC., VICTOR M.
MAEZTU, II, JEANNETTE MAEZTU, and
AVIS BUDGET GROUP, INC.,**

                      **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENTS AND STIPULATION OF DISMISSAL WITH PREJUDICE (Doc. No. 16)**
>
> **FILED:** July 17, 2009
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under

section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on Plaintiff Cabassa's and Opt-In Plaintiff Santos' Answers to Court Interrogatories (Doc. Nos. 14 and 15), and the Joint Motion for Approval of Settlement Agreements (Doc. No. 16), Plaintiffs Cabassa was employed by Defendant Excel One, Inc.[1], a former drive service vendor for Avis Budget, from March 2005 to January 2007, and Santos from February 18, 2006 to January 12, 2007. Doc. Nos. 14 and 15. Plaintiffs alleged that they were not paid the half-time component of their overtime hours, instead they were paid straight time for all hours worked. Doc. No. 16 at 2.

The settlements to Plaintiff Cabassa of $786.25 and to Plaintiff Santos of $1,387.76 in unpaid overtime wages and liquidated damages represent the full amount of the allegedly unpaid overtime and damages, based on time records maintained by them. Doc. Nos. 14-2; 16 at 2. In addition to this

---

[1]Excel One, Inc. is now defunct; Plaintiffs alleged that Avis Budget was a joint employer. *See* Doc. No. 16 at 2.

case, there are two other cases brought by former employees of defunct or insolvent driver service vendors of Avis Budget; the other cases have also been settled: *Lopez v. All Stars Services, LLC*, Case No. 09-cv-658-35KRS; and *Rodriguez v. All Stars Services, LLC*, Case No. 6:08-cv-1416-ORL-19GJK. The parties have agreed that Defendant Avis Budget will settle the attorneys' fees and cost component of all three cases globally for a single payment of $10,000. Doc. No. 16 at 3. Because the Plaintiff has received the full amount sought for wages and liquidated damages and there was no compromise of the claim, the Court does not review the amount attorney's fees and costs. Accordingly, it is respectfully **RECOMMENDED** that the Motion for Approval of Settlement Agreements (Doc. No. 16) be **GRANTED** and the Clerk be **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 22, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy